## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **HILDA VEAL ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-7043** |
| | * | |
| **U.S. DEP'T OF HEALTH & HUMAN SERVICES** | * | **SECTION "L" (3)** |

### ORDER & REASONS

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 17) filed by the Government. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is denied without prejudice to the Government's right to re-urge the dismissal of Plaintiffs' claims once it is shown that Plaintiffs have had an adequate opportunity to undertake discovery.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of the alleged misdiagnosis of an injury sustained by Hilda Veal, now deceased, to her right ankle in the aftermath of Hurricane Katrina. According to the Complaint, on October 25, 2005, the decedent sought treatment for an injury to her right ankle at a tent operated by a Disaster Medical Assistance Team, which was deployed to the West Jefferson Medical Center in Marrero, Louisiana. The Complaint alleges that a nurse practitioner on the team examined the decedent, but "failed to properly diagnose and treat displaced fractures to [the decedent's] right ankle." The Complaint avers that subsequently, the decedent's injury did not improve and that in November 2005, a metal rod was surgically placed in the decedent's right leg. The rod, the Complaint states, "was a source of chronic infection." The decedent allegedly had surgery in July 2007 to remove the rod, from which she did not recover.

1

In October 2009, Plaintiffs, the children of the decedent, filed suit in this Court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), and the United States has now filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 17). In its motion, the United States notes that in light of the FTCA and the applicable Louisiana law, the Court has jurisdiction only if there was "gross negligence or willful misconduct" on the part of the nurse practitioner. La. Rev. Stat. Ann. § 29:771(B)(2)(c). The United States contends that Plaintiffs have not adduced facts indicating that the nurse practitioner, whom it has identified as Keith Sheirich, was grossly negligent. Accordingly, the United States asserts, the Court lacks jurisdiction over the instant suit. In response, Plaintiffs argue that Mr. Sheirich was grossly negligent. For this reason, they state, the Government's motion should be denied.

## II. LAW AND ANALYSIS

"The principle of sovereign immunity protects the federal government from suit." *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998). Unless expressly waived, sovereign immunity "deprives federal courts of subject matter jurisdiction." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (citing *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 389 (5th Cir. 2003)). "The FTCA waives [sovereign] immunity for injury 'caused by [1] the negligent or wrongful act or omission of [2] any employee of the Government [3] while acting within the scope of his office or employment, [4] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1)). Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

2

The parties in this case have focused their attention on one element of the FTCA's waiver of sovereign immunity – namely, whether the circumstances at issue are those "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1). The parties have, in several respects, converged in their understanding of the meaning of this provision as it applies to this case. Indeed, the parties agree that because the alleged tort occurred in Louisiana, the applicable law is that of Louisiana. The parties also agree that because the state of Louisiana had declared a public health emergency at the time in accordance with La. Rev. Stat. Ann. § 29:766, the United States may be held liable only if there was "gross negligence or willful misconduct" on the part of Mr. Sheirich. La. Rev. Stat. Ann. § 29:771(B)(2)(c).

Finally, the parties agree as to the meaning of the term "gross negligence" under Louisiana law. As the Louisiana Supreme Court has explained, the term "has a well-defined legal meaning distinctly separate, and different, from ordinary negligence." *Rabalais v. Nash*, 952 So.2d 653, 658 (La. 2007). The term "has been defined as the 'want of even slight care and diligence' and the 'want of that diligence which even careless men are accustomed to exercise.'" *Id.* (citations omitted). It denotes "the entire absence of care and the utter disregard of the dictates of prudence, amounting to [the] complete neglect of the rights of others." *Id.* (internal quotation marks and citation omitted). It represents "an extreme departure from ordinary care or the want of even scant care." *Id.* (internal quotation marks and citation omitted).

In support of its motion, the Government argues that Plaintiffs have not identified evidence that would support the finding that Mr. Sheirich was grossly negligent in diagnosing the injury sustained by the decedent. The Governments argues that, as a result, a dismissal for

lack of subject matter jurisdiction is warranted. In response, Plaintiffs argue that Mr. Sheirich was grossly negligent in failing to determine that the decedent sustained fractures to her ankle, rather than a mere sprain. In support of their argument, Plaintiffs assert that Mr. Sheirich failed to consult a doctor and did not see the radiologist's report before he sent the decedent home. In doing so, Plaintiffs have not provided or otherwise pointed to any supporting material in the record.

Although the Government is correct in pointing out Plaintiffs have not adduced evidence that would support the finding that Mr. Sheirich was grossly negligent, the Court is nonetheless not persuaded that at this juncture, the failure to do so warrants the outright dismissal of Plaintiffs' claims. Indeed, in this case, the question of whether there was gross negligence on the part of Mr. Sheirich goes not only to the issue of subject matter jurisdiction, but also to the merits of the case. In other words, the question of jurisdiction is so "intermeshed with the merits of [the] case [that] 'it is impossible to decide one without the other.'" *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1172 (5th Cir. 1987) (quoting *McBeath v. Inter-Am. Citizens for Decency Comm.*, 374 F.2d 359, 363 (5th Cir. 1967)).

The Fifth Circuit has held that under these circumstances, "resolution of the jurisdictional issue on a 12(b)(1) motion [is] improper." *Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004). Instead, if "issues of fact are central to both subject matter jurisdiction and the claim on the merits," the district court is to view the Government's motion as one that presents "'a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). In this case, the Government has presented material outside of the pleadings, and it has called the Court's attention to the absence

4

of evidence that Plaintiffs have proffered in response to its motion. Accordingly, the Court will view the Government's motion as one that is raised under Rule 56. *See* Fed. R. Civ. P. 12(d).

Of course, treating the Government's motion as one for summary judgment does not obviate the requirement that Plaintiffs produce evidentiary material to show that there was gross negligence on the part of Mr. Sheirich. *See id.* 56(c)(1). Here, the failure of Plaintiffs to substantiate their argument with supporting material would ordinarily justify the dismissal of their claims. *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (holding that summary judgment is appropriate "[i]f the moving party can show that there is no evidence whatever to establish one or more essential elements of a claim on which the [non-movant] has the burden of proof"); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (noting that "unsubstantiated assertions are not competent summary judgment evidence").

Rule 56, however, contemplates that if discovery has not been undertaken – that is, if the facts are simply unavailable – the court may "allow time [for the parties] to take discovery." Fed. R. Civ. P. 56(d)(2). Alternatively, if a party has had an opportunity to undertake discovery but "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," Rule 56 provides that the court may give to that party "an opportunity to properly support or address the fact." *Id.* 56(e)(1). These provisions echo Rule 12's insistence that if materials outside the pleadings are presented on a 12(b)(6) motion – thereby converting the motion to dismiss into one for summary judgment – the non-moving party "must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* 12(d).

In this case, Plaintiffs' response to the Government's motion does not manifest any awareness on the part of Plaintiffs that the Government's motion would be viewed as one for

summary judgment. In addition, it is unclear the extent to which the parties have engaged in discovery. Under these circumstances, the Court finds that the prudent course of action is to deny the motion to dismiss so that Plaintiffs have an adequate opportunity to either engage in discovery or otherwise attempt to adduce evidentiary material to support their claims. *See Montez*, 392 F.3d at 150; *see also Chatham Condominium Ass'ns v. Century Village, Inc.*, 597 F.2d 1002, 1012 (5th Cir. 1979) (cautioning against the "dismissal for lack of subject matter jurisdiction . . . prior to giving the plaintiff ample opportunity for discovery" in cases where the question of jurisdiction and the merits of the case are intertwined).

The Court emphasizes that the denial of the Government's pending motion is without prejudice to the Government's right to re-urge the dismissal of Plaintiffs' claims once it is shown to the Court that Plaintiffs have had an adequate opportunity to undertake discovery. In this regard, Plaintiffs should bear in mind that the Louisiana Supreme Court has established a high threshold for finding gross negligence. *See Rabalais*, 952 So.2d at 658. Indeed, gross negligence denotes "the entire absence of care and the utter disregard of the dictates of prudence, amounting to [the] complete neglect of the rights of others." *Id.* (internal quotation marks and citation omitted). Plaintiffs should also note that if the Government renews its request for a dismissal of their claims, the burden would be on them to "set out specific facts showing that a genuine issue exists" either "by submitting opposing evidentiary documents or by referring to evidentiary documents already in the record." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992) (internal citation and quotation marks omitted).

In its motion, the Government has cited several cases in support of its request for an outright dismissal of Plaintiffs' claims. The Court, however, is not persuaded that these cases

6

warrant such an outcome. In particular, this Court's decision in *Lumpkin v. Lanfair*, No. 09-6248, 2010 WL 3825427 (E.D. La. 2010), involved a different situation. In that case, the facts that the parties thought were important had been fully developed, and the parties' only dispute was with respect to the legal significance of the facts that they had ascertained. *See id.* at *4. Here, in contrast, it is unclear whether Plaintiffs have had an adequate opportunity to undertake discovery, and the facts remain substantially undeveloped. Treating the Government's motion as one for summary judgment, the Court finds it appropriate under Rule 56 to "allow time [for the parties] to obtain affidavits or declarations or to take discovery," Fed. R. Civ. P. 56(d)(2), or, in the alternative, to provide "an opportunity [for the parties] to properly support or address the fact[s]," *id.* 56(e)(1).

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 17) filed by the Government is hereby **DENIED** without prejudice to the Government's right to re-urge the dismissal of Plaintiffs' claims once it is shown that Plaintiffs have had an adequate opportunity to undertake discovery.

New Orleans, Louisiana, this 23rd day of June, 2011.

_____
UNITED STATES DISTRICT JUDGE