UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| HILDA VEAL ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 09-7043 |
| | * | |
| U.S. DEP'T OF HEALTH & HUMAN SERVICES | * | SECTION "L" (3) |

### ORDER & REASONS

Before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 27) filed by the Government. The Court has reviewed the submitted memoranda and the applicable law. For the following reasons, the motion is granted.

### I. BACKGROUND AND PRESENT MOTION

This case arises out of the alleged misdiagnosis of an injury sustained by Hilda Veal, now deceased, to her right ankle in the aftermath of Hurricane Katrina. According to the Complaint, on October 25, 2005, the decedent sought treatment for an injury to her right ankle at a tent operated by a Disaster Medical Assistance Team, which was deployed to the West Jefferson Medical Center in Marrero, Louisiana. The Complaint alleges that a nurse practitioner on the team examined the decedent, but "failed to properly diagnose and treat displaced fractures to [the decedent's] right ankle." The Complaint avers that subsequently, the decedent's injury did not improve and that in November 2005, a metal rod was surgically placed in the decedent's right leg. The rod, the Complaint states, "was a source of chronic infection." The decedent allegedly had surgery in July 2007 to remove the rod, from which she did not recover.

In October 2009, Plaintiffs, the children of the decedent, filed suit in this Court pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b), and the United States has now filed a

1

Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 17). In its motion, the United States notes that in light of the FTCA and the applicable Louisiana law, the Court has jurisdiction only if there was "gross negligence or willful misconduct" on the part of the nurse practitioner. La. Rev. Stat. Ann. § 29:771(B)(2)(c). The United States has refiled this Motion to Dismiss after the Court denied a prior Motion to Dismiss on the same grounds in order to allow sufficient discovery . Again, the United States contends that Plaintiffs have not adduced facts indicating that the nurse practitioner, whom it has identified as Keith Sheirich, was grossly negligent. Accordingly, the United States asserts, the Court lacks jurisdiction over the instant suit. In response, Plaintiffs have resubmitted the argument that Mr. Sheirich was grossly negligent. For this reason, they state, the Government's motion should be denied.

## II. LAW AND ANALYSIS

"The principle of sovereign immunity protects the federal government from suit." *Pena v. United States*, 157 F.3d 984, 986 (5th Cir. 1998). Unless expressly waived, sovereign immunity "deprives federal courts of subject matter jurisdiction." *Bodin v. Vagshenian*, 462 F.3d 481, 484 (5th Cir. 2006) (citing *Chapa v. U.S. Dep't of Justice*, 339 F.3d 388, 389 (5th Cir. 2003)). "The FTCA waives [sovereign] immunity for injury 'caused by [1] the negligent or wrongful act or omission of [2] any employee of the Government [3] while acting within the scope of his office or employment, [4] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1)). Under the FTCA, the United States is liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674.

The parties in this case have focused their attention on one element of the FTCA's waiver of sovereign immunity – namely, whether the circumstances at issue are those "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1). The parties have, in several respects, converged in their understanding of the meaning of this provision as it applies to this case. Indeed, the parties agree that because the alleged tort occurred in Louisiana, the applicable law is that of Louisiana. The parties also agree that because the state of Louisiana had declared a public health emergency at the time in accordance with La. Rev. Stat. Ann. § 29:766, the United States may be held liable only if there was "gross negligence or willful misconduct" on the part of Mr. Sheirich. La. Rev. Stat. Ann. § 29:771(B)(2)(c).

Finally, the parties agree as to the meaning of the term "gross negligence" under Louisiana law. As the Louisiana Supreme Court has explained, the term "has a well-defined legal meaning distinctly separate, and different, from ordinary negligence." *Rabalais v. Nash*, 952 So.2d 653, 658 (La. 2007). The term "has been defined as the 'want of even slight care and diligence' and the 'want of that diligence which even careless men are accustomed to exercise.'" *Id.* (citations omitted). It denotes "the entire absence of care and the utter disregard of the dictates of prudence, amounting to [the] complete neglect of the rights of others." *Id.* (internal quotation marks and citation omitted). It represents "an extreme departure from ordinary care or the want of even scant care." *Id.* (internal quotation marks and citation omitted).

In support of its motion, the Government argues that, even after completing discovery, Plaintiffs have not identified evidence that would support the finding that Mr. Sheirich was grossly negligent in diagnosing the injury sustained by the decedent. The Governments argues

that, as a result, a dismissal for lack of subject matter jurisdiction is warranted. In response, Plaintiffs argue that Mr. Sheirich was grossly negligent in failing to determine that the decedent sustained fractures to her ankle, rather than a mere sprain. In support of their argument, Plaintiffs assert that Mr. Sheirich failed to consult a doctor and did not see the radiologist's report before he sent the decedent home. In doing so, Plaintiffs have not provided or otherwise pointed to any supporting material in the record.

As with the previous Motion to Dismiss, the question of jurisdiction is so "intermeshed with the merits of [the] case [that] 'it is impossible to decide one without the other.'" *Sierra Club v. Shell Oil Co.*, 817 F.2d 1169, 1172 (5th Cir. 1987) (quoting *McBeath v. Inter-Am. Citizens for Decency Comm.*, 374 F.2d 359, 363 (5th Cir. 1967)). The Fifth Circuit has held that under these circumstances, "resolution of the jurisdictional issue on a 12(b)(1) motion [is] improper." *Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004). Instead, if "issues of fact are central to both subject matter jurisdiction and the claim on the merits," the district court is to view the Government's motion as one that presents "'a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56." *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981)). Accordingly, the Court will again view this motion as one that is raised under Rule 56. *See* Fed. R. Civ. P. 12(d).

As the Court has previously stated, treating the Government's motion as one for summary judgment does not obviate the requirement that Plaintiffs produce evidentiary material to show that there was gross negligence on the part of Mr. Sheirich. *See id.* 56(c)(1); *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986) (holding that summary judgment is appropriate "[i]f the moving party can show that there is no evidence whatever to establish one

or more essential elements of a claim on which the [non-movant] has the burden of proof"); *see also Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (noting that "unsubstantiated assertions are not competent summary judgment evidence"). In ruling on prior Motion to Dismiss, the Court determined that, under Rule 56, the parties should be "allowed[ed] time to take discovery." Fed. R. Civ. P. 56(d)(2). At this juncture, however, discovery has been completed, and the Plaintiffs have still failed to present supporting material for their claims. Furthermore, unlike with the previous Motion to Dismiss, the Plaintiffs must have been aware that the Government's motion would be viewed as one for summary judgment, and therefore should have known that materials outside the pleadings would be considered by the Court. *See* Fed. R. Civ. P. 12(d). As a result, even viewing the evidence in the light most favorable to the non-movants, due to a lack of support in the record for Plaintiffs' claims, the Court must grant summary judgment in this matter.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. No. 27) filed by the Government is hereby **GRANTED**.

New Orleans, Louisiana, this 20th day of January, 2012.

_____
UNITED STATES DISTRICT JUDGE